Richard E. BENDER, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 6952.

United States Court of Appeals First Circuit.

Dec. 20, 1967.

---

2. This is without prejudice to what may be developed if Attorney Kirk should be located and his testimony obtained.

Richard E. Bender, pro se.

Paul F. Markham, U. S. Atty., and Joseph A. Lena, Asst. U. S. Atty., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

In this section 2255 proceeding, initiated by a petitioner who was indicted, tried, convicted and sentenced for using the mails to convey a threat of bodily harm in violation of 18 U.S.C. § 876, we have the preliminary task of winnowing through a number of charges made in various letters and petitions sent to the district court. The petition from the denial of which petitioner appeals alleges that "defendant had been tricked by one of his attorneys". Petitioner's argument on appeal is addressed more particularly to alleged misleading by his attorney at trial in securing petitioner's agreement to a stipulation on the understanding that he would be granted probation. We do not take cognizance of some twelve other identifiable allegations which appear in petitioner's various communications, none of which even arguably falls within the petition under consideration or has any apparent merit.

The central facts bearing on petitioner's claim are the following. The government possessed the letter which was the basis of the indictment. It also had obtained a signed statement from petitioner, after having given him some but not all applicable *Miranda* warnings, in which petitioner admitted writing and depositing the letter in the mails. A motion to suppress had been filed and a memorandum of law submitted. At this point petitioner's counsel urged petitioner to sign a stipulation that he did in fact deposit the letter in the mails. The government introduced the stipulation and rested. The defense filed a motion for judgment of acquittal, which was denied. The defense rested and the case was argued to the jury, which returned a guilty verdict.

Petitioner claims that his attorney persuaded him to sign the stipulation because a "deal" had been worked out with the prosecution for probation. Petitioner's attorney stated in an affidavit, in addition to denying any such imputation, that he wished to avoid putting the government to proof of signature through a handwriting expert whose testimony he

thought "would be particularly impressive to the jury" and thus "create the impression that the government considered the case a more serious one than they actually felt it was." He also felt that such proof would distract the jury from the "basic defense that the language of the letter as a whole did not constitute a threat." The attorney said in addition that if the petitioner signed the stipulation the government would be more disposed to recommend, and the judge to grant, probation.

The record also reveals that, after sentence and after indicating that he wished to withdraw his notice of appeal and request for bail, petitioner twice admitted writing the letter, expressed his regret, and stated that he had not intended to carry out the threat.

The district court ruled that the motion, files, and records in this case conclusively showed that petitioner was entitled to no relief; that he was validly indicted, tried, convicted, and sentenced; that he was adequately represented throughout by competent counsel; and that the evidence demonstrated beyond reasonable doubt that he committed the crime charged. The court noted petitioner's post-sentence admission that he wrote the offending letter and cited its own extensive and timely explanation to petitioner that there could be no expectation of a review of sentence nor any other inducement for withdrawal of his appeal.

It seems likely that petitioner's trial attorney was pursuing sensible strategy in avoiding putting the government to its proof of petitioner's handwriting and in concentrating on the overall thrust of the letter. It seems highly unlikely that he misrepresented petitioner's prospects for probation. It may well be that petitioner was in fact guilty beyond a reasonable doubt. And it is clear that the district judge showed every solicitude for petitioner, from ordering a pre-trial psychiatric examination to informing petitioner in unmistakeable terms that there was to

be no bargain with him if the appeal were withdrawn.

■ Our difficulty arises from the exacting standard which must be met before a hearing on a motion under section 2255 can be dispensed with. In the words of the statute, " * * * the motion and the files and records of the case [must] conclusively show that the prisoner is entitled to no relief * * *." 28 U.S.C. § 2255. Sanders v. United States, 373 U.S. 1, 19–20, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Desmond v. United States, 333 F.2d 378, 381–382 (1st Cir. 1964).

■ While the affidavits of petitioner's attorneys are persuasive, they are not the record of the case; and even if they were, they could not conclusively disprove petitioner's allegations of extra-record misrepresentations. We cannot say that the stipulation merely facilitated the prosecution's task. The availability of a handwriting expert, his access to admitted samples of petitioner's handwriting, the force of his testimony under both direct and cross-examination, the possibility of defense handwriting experts, the proof of depositing in the mails—all of these are imponderables which could variously affect the prosecution's case. Nor can we say that petitioner's post-sentence admissions that he wrote the letter, even if they could be considered entirely uninfluenced by the stipulation which he was allegedly tricked into signing, had any curative effect. For petitioner admitted only the writing, not the mailing; and the latter is the gravamen of the offense.

■ A hearing is therefore necessary. With reference to such matters as the appointment of counsel and the kind of hearing which should be held, we can do no better than refer to the language of Judge Woodbury in Desmond v. United States, supra, 333 F.2d at 382.

Reversed and remanded for further proceedings consistent herewith.