**Richard Francis DE VINCENT, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 79–1042.**

United States Court of Appeals, First Circuit.

Submitted April 5, 1979.

Decided July 26, 1979.

---

Richard Francis De Vincent on brief pro se.

Edward F. Harrington, U. S. Atty., Boston, Mass., Jerome M. Feit, and David B. Smith, Attys., Dept. of Justice, Washington, D. C., on brief, for defendant-appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

After his conviction for loansharking was affirmed, *United States v. De Vincent,* 546 F.2d 452 (1st Cir. 1976), *cert. denied,* 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977), Richard Francis De Vincent filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. In the motion and accompanying memorandum, he challenged the composition of the grand jury that indicted him, the proceedings that led to his indictment, the sufficiency of count one of his indictment, certain of the trial judge's instructions to the jury, and the constitutionality of a provision of the Extortionate Extension of Credit Act under which he was convicted, 18 U.S.C. § 892(b). After the government filed an answer in opposition, the district court denied the motion on the ground that the files and records of the case showed that he was entitled to no relief.[1] No hearing was held.

---

1. The court also ruled that it had no jurisdiction over the motion to vacate because appellant was imprisoned in Washington. This was incorrect. *See Miller v. United States,* 564 F.2d

On appeal from the denial of his motion, appellant has abandoned all but two of his attacks on his conviction and sentence. The first one, delay in handling his Section 2255 motion, can be disposed of quickly. The motion was filed on August 8, 1978, the government answered on December 4, 1978, and the district court issued an opinion on December 15, 1978. We are not so sure this delay was unreasonable, considering the numerous issues raised by appellant in his motion and thirty-three page supporting memorandum, and the work load of the district court. *See Gregory v. United States*, 585 F.2d 548, 550 (1st Cir. 1978). Nor do we agree with appellant that the district court was bound by the time limits prescribed by 28 U.S.C. § 2243, which requires a court entertaining an application for a writ of habeas corpus to issue the writ or an order to show cause forthwith, returnable within three days unless a twenty day extension is allowed. We do not think that Section 2243, which governs habeas corpus applications, applies to Section 2255 motions to vacate. *See Blackledge v. Allison*, 431 U.S. 63, 74–75 n.4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *United States v. Boniface*, 601 F.2d 390 at 392–393 (9th Cir. 1979); *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965). *But see Rini v. Katzenbach*, 403 F.2d 697, 701 (7th Cir. 1968). Motions to vacate are subject to the procedures and promptness requirements set forth in Section 2255 and the Rules Governing Section 2255 Proceedings. *United States v. Boniface, supra*, at 392–393. *See Gregory v. United States, supra*, 585 F.2d at 550.

The second attack focuses on the indictment process and raises novel and serious issues. Relying principally on *Gaither v. United States*, 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969), appellant contends that the indictment returned against him was invalid because it was not passed upon by the grand jury as a whole, but rather was drawn in private by the prosecutor and the foreman, based upon notes and memory of the grand jury proceedings. The *Gaither* court held that such a procedure, whereby the grand jury voted to indict for a particular crime but the actual language of the indictment was drafted later by the prosecutor and approved only by the grand jury foreman, did not satisfy the fifth amendment requirement of an "indictment of a Grand Jury" or the requirement under Rule 6(f) of the Federal Rules of Criminal Procedure that "[a]n indictment may be found only upon the concurrence of 12 or more jurors." *Id.* at 1065–71. Appellant concedes that he did not raise this issue prior to trial or on his direct appeal, but nevertheless insists that approval of the actual language of the indictment by twelve grand jurors is a jurisdictional prerequisite that could not be, and was not intentionally, waived. *See* Fed.R.Crim.P. 12(b)(2).

It is tempting to affirm the denial of the Section 2255 motion on the ground that appellant is merely speculating about the way in which the indictment against him was returned. He obviously has no personal knowledge of whether the entire grand jury voted on the exact terms of the indictment; he was not present. There is not the slightest suggestion in the papers filed with the district court that appellant has any evidence to support his claim that the language of the indictment was drafted in private by the prosecutor and the foreman and was not approved by the grand jury as a whole. To the contrary, in his traverse to the government's answer and in his brief, appellant indicates that this claim is based upon a questionable inference: that because the grand jury minutes do not affirmatively show that the entire grand jury voted on the language of the indictment, such a vote did not occur.[2] Appellant's

---

103, 105 (1st Cir. 1977), *cert. denied*, 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978).

**2.** The grand jury minutes might reflect whether a proposed indictment was submitted to the grand jury for its consideration but might not show its actual language. The grand jury minutes would not, however, reflect the grand jury's deliberations or vote because the stenographer could not be present to record them. Fed.R.Crim.P. 6(d).

premise looks even shakier in light of his concession that, despite requests of the district court, he never received a complete transcription of the grand jury proceedings. All of this raises the possibility that appellant, while imprisoned, discovered the *Gaither* case and decided to allege facts that would afford him relief under that decision, without any evidence that his indictment was returned in the way described in *Gaither*.

■ We do not require, however, in a 2255 proceeding that the movant show at the very outset, in the motion to vacate or in accompanying papers, that he has evidence of his allegations. Our approach has been to take the movant's allegations "as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." *Otero-Rivera v. United States*, 494 F.2d 900, 902 (1st Cir. 1974), *quoting Domenica v. United States*, 292 F.2d 483, 484 (1st Cir. 1961). However speculative the indictment scenario may be, it is sufficiently clear, detailed, plausible, and unrebutted by the record to pass muster. *See Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. McCarthy*, 433 F.2d 591, 592 (1st Cir. 1970).

■ The question, then, is whether, assuming appellant's allegations to be true, he would be entitled to relief. *Machibroda v. United States, supra*, 368 U.S. at 493, 496, 82 S.Ct. 510. If not, the denial of his motion without a hearing was proper. *Miller v. United States*, 564 F.2d 103, 106–07 (1st Cir. 1977), *cert. denied*, 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978).

We are unprepared to say at this juncture that appellant has failed to state a claim. Appellant's factual allegations raise a number of novel, somewhat difficult legal issues. First, did the *Gaither* court correctly conclude that the fifth amendment and Rule 6(f) of the Rules of Criminal Procedure require that twelve members of a grand jury approve the specific language of an indictment? Second, if so, can a challenge to an indictment not returned in this fashion be raised by a motion to vacate under Section 2255? That is, is approval by the grand jurors of the precise terms of an indictment a jurisdictional prerequisite, *see United States v. Addonizio*, —— U.S. ——, ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), which is not waived by the failure to raise it prior to trial? Fed.R.Crim.P. 12(b)(2). Or, if appellant's conviction and sentence is "otherwise subject to collateral attack" on *Gaither* grounds, *see United States v. Addonizio, supra*, but appellant waived his claim, Fed.R.Crim.P. 12(b)(2), did appellant plead or can he show "good cause" for relief from the waiver? Fed.R.Crim.P. 12(f). *See Davis v. United States*, 411 U.S. 233, 242–44, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Third, must appellant show harm or prejudice in order to prevail on his motion to vacate?[3] None of these issues was addressed below by the government or the court; appellant's present claim was either overlooked or assumed to have been waived under Fed.R.Crim.P. 12(b)(2), along with other claims concerning the grand jury and indictment that were addressed but that appellant is no longer pressing.[4] On appeal, the government has argued, *inter alia*, that

---

**3.** The *Gaither* court assumed in *dicta* that an objection to an indictment on the ground that it was not voted upon by the whole grand jury would be waived if not presented by a timely motion to dismiss. *Gaither v. United States*, 134 U.S.App.D.C. 154, 155 n.32, 413 F.2d 1061, 1072 n.32 (1969). It originally held that the defendants in that case were not entitled to relief because they could not show prejudice, *i. e.*, a reasonable possibility that the grand jurors would not have approved the indictment returned. *Id.* 134 U.S.App.D.C. at 156–58, 413 F.2d at 1073–75. On rehearing, however, the

court held that a showing of prejudice would not be required of the defendants, nor of persons indicted after its original decision. *Id.* 134 U.S.App.D.C. at 175–76, 413 F.2d at 1082, 1084–85. In *United States v. Wilson*, 140 U.S. App.D.C. 220, 222, 434 F.2d 494, 496 (1970), the court, relying on its earlier *dicta* in *Gaither*, held that a *Gaither* claim was untimely if not made pretrial.

**4.** In its answer, the government did not confirm or deny appellant's allegations about the way in which his indictment was returned.

appellant waived his *Gaither* claim,[5] but has not answered his contention that the issue is jurisdictional.

With the case in this posture, we prefer to remand for further proceedings. It may be that appellant cannot prove his allegations concerning the method by which he was indicted, and that the legal issues that flow from his allegations need not be resolved. If it turns out that the legal issues must be reached, they can and should be more fully aired below.

In remanding, we do not imply that a full evidentiary hearing with appellant in attendance will necessarily be required. The district court has various means at its disposal for determining whether there is a genuine factual dispute over whether the grand jury as a whole voted on the actual terms of appellant's indictment. Under the Rules Governing Section 2255 Proceedings, it can order the government to supplement its answer, Rule 5, it can permit discovery, Rule 6, and it can direct that the record be expanded, Rule 7. It can order a full transcript of the grand jury minutes, if it thinks this might be illuminating. *See* Fed.R. Crim.P. 6(e)(2)(C). And, we think it can call upon appellant to state under oath how he expects to prove his allegations, before granting an evidentiary hearing. *See Miller v. United States, supra,* 564 F.2d at 106 (affidavits may be used to determine whether there is a genuine issue of fact to resolve); *McBride v. United States,* 446 F.2d 229, 232 (10th Cir. 1971), *cert. denied,* 405 U.S. 977, 92 S.Ct. 1203, 31 L.Ed.2d 252 (1972) (movant may be required to state how he will prove his claim); Rules 7(c) and 8 of the Rules Governing Section 2255 Proceedings. *Cf. Lawn v. United States,* 355 U.S. 339, 348–49, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958) (mere suspicion did not create a due process right to a pretrial hearing on whether the grand jury made use of illegally obtained evidence); *United States v. Migely,* 596 F.2d 511, 513–14 (1st Cir. 1979), *cert. denied,* —— U.S. ——, 99 S.Ct. 2887,

61 L.Ed.2d 313 (1979) (speculation that a warrantless search occurred is insufficient to require an evidentiary hearing on a motion to suppress). We are confident that the district court will handle this case expeditiously upon remand.

*Reversed and remanded for proceedings consistent with this opinion.*

---

**5.** The government properly cites *Gaither* on this point, *see* n.3, *supra,* but is not correct in citing *Gaither* for the proposition that appellant had to allege and show a reasonable possibility

of prejudice, *see* n.3, *supra.* Apparently the government overlooked the court's opinion on rehearing.