Richard Francis DeVINCENT,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 80–1194.

United States Court of Appeals,
First Circuit.

Submitted June 6, 1980.
Decided Aug. 14, 1980.
Certiorari Denied Dec. 8, 1980.
See 101 S.Ct. 618.

Richard Francis DeVincent, pro se.

Edward F. Harrington, U. S. Atty., Jeremiah T. O'Sullivan, and Martin D. Boudreau, Boston, Mass., Attys., Dept. of Justice, on brief, for respondent, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is the second appeal by Richard DeVincent from the dismissal of a motion to vacate sentence under 28 U.S.C. § 2255. As a result of the first appeal, this court remanded for further proceedings on DeVincent's allegation that the entire grand jury did not vote on the actual terms of the indictment against him. *DeVincent v. United States*, 602 F.2d 1006 (1st Cir. 1979). Consistent with our opinion, the district court, on September 24, 1979, issued an order requiring DeVincent to submit a statement under oath within thirty days, detailing how he expected to prove his allegation. *Id.* at 1010. The deadline passed without compliance. On November 5, 1979, the district court dismissed the § 2255 petition pursuant to Rule 37, Fed.R.Civ.P., for failure to comply with a court order.[1]

---

1. Rule 37(b) lists dismissal as a possible sanction for failure to comply with a discovery order. It is unnecessary to decide whether that rule, or Rule 41(b), which authorizes dismissal for failure to comply with any order of court, was more applicable in the circumstances of this case.

On January 29, 1980, DeVincent mailed a "motion for reconsideration and reopening dismissed civil action", alleging that he had only received notice of the district court's orders on January 26. DeVincent explained that notice of the orders had been sent to a federal prison in Washington, but that at the critical time he was in the Charles Street Jail in Boston, and did not return to Washington until January 25. DeVincent further alleged that he had advised the district court of his temporary change of address. The district court records and exhibits furnished by DeVincent are consistent with these allegations.

Along with his motion for reconsideration, DeVincent tendered an affidavit purporting to respond to the district court's September 24 order. In the affidavit, DeVincent requested that the court subpoena the grand jury foreman and members, the Assistant United States Attorney and his aids, the court stenographer, and the stenographer's notes and transcripts, and that the court allow questioning of all parties concerned about the way in which the indictment was voted and returned. This, DeVincent felt, was "the only way to ascertain the facts in this matter . . . so that the truth will be had and that my Constitutional Rights . . . will remain properly and totally protected."

The district court denied the motion for reconsideration on February 5, 1980, without opinion. This appeal followed.

■ DeVincent's brief on appeal is devoted to argument that, because he was unable to file a timely response to the September 24 order and did not wilfully fail to comply, dismissal of his § 2255 motion cannot be upheld. For purposes of this appeal, we assume the truth of DeVincent's allegations that, through no fault of his own, he did not receive notice of the September 24 order until January 26, and that he responded as soon as possible. We further assume that inability to comply with a court order be-

cause of lack of notice would be a proper ground for vacating a Rule 37 dismissal order. See Fed.R.Civ.P. 60(b); Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958).[2]

■ It does not follow, however, that the district court erred in refusing to reopen the judgment of dismissal in this case. To the contrary, the affidavit accompanying DeVincent's motion for reconsideration made it plain that no further proceedings on his § 2255 motion were warranted. The affidavit revealed that DeVincent had no proof of his allegation that the entire grand jury had not voted on the actual terms of his indictment.[3] Rather, he wanted to conduct broad-scale discovery in hopes of establishing his claim, and requested what would have amounted to a full-scale evidentiary hearing on it. Nothing in our previous decision required the district court to allow such a fishing expedition. Once it appeared from DeVincent's affidavit that he lacked proof of his allegation and was merely speculating about the way in which he was indicted, there was no need to vacate the judgment of dismissal and hold further proceedings including an evidentiary hearing. See DeVincent v. United States, supra, at 1008–10; Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977), cert. denied, 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978); McBride v. United States, 446 F.2d 229, 232 (10th Cir. 1971), cert. denied, 405 U.S. 977, 92 S.Ct. 1203, 31 L.Ed.2d 252 (1972). Cf. Lawn v. United States, 355 U.S. 339, 348–49, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958); United States v. Migely, 596 F.2d 511, 513–14 (1st Cir.), cert. denied, 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979).

We are aware that the district court did not specifically ground its denial of reconsideration on DeVincent's failure to show in his affidavit that he had some evidence supporting his claim that the grand jury

---

2. The same assumption can be made with respect to a Rule 41(b) dismissal order. See 5 Moore's Federal Practice ⁋ 41.12, at 41–167, 170 (2d ed. 1979).

3. We take no position on whether the holding in Gaither v. United States, 413 F.2d 1061 (D.C. Cir.1969), was correct and is available to a § 2255 petitioner.

proceedings were defective. It undoubtedly would have been preferable for the district court to have noted DeVincent's explanation for his late response to the September 24 order and to have stated its reasons for denying reconsideration. But, because there is an obvious ground supporting the denial of § 2255 relief, we see no reason to disturb the district court judgment.[4] *Cf. United States v. Cermark*, 622 F.2d 1049 at 1051, 1054 (1st Cir. 1980) (denial of § 2255 motion affirmed on different ground than the one cited by the district court).

*Affirmed.*

---

4. There is no need for us to comment on the propriety of the district court's decision to use dismissal as a sanction in this case. Obviously, however, it would behoove a district court to make sure proper notice of an order was sent before dismissing for failure to comply with the order. This is especially true in a case where there is no history of dilatory conduct by the party to whom the order was directed.