915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfonso Antonio FIGUEROA ALMONTE, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 89-2076.
 United States Court of Appeals, First Circuit.
 Sept. 10, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Raymond L. Acosta, District Judge.
 Alfonso Antonio Figueroa Almonte on brief, pro se.
 Daniel F. Lopez Romo, United States Attorney and Antonio R. Bazan, Assistant U.S. Attorney, on brief, for appellee.
 D.P.R.
 VACATED AND REMANDED.
 Before BREYER, Chief Judge, and CAMPBELL and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfonso Figueroa Almonte (the petitioner) appeals pro se from the district court's denial, without a hearing, of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. Sec. 2255. We find petitioner's allegations in support of such motion to be sufficient to warrant further factual development. We accordingly vacate the judgment and remand for further proceedings.
 
 I.
 
 2
 Petitioner was indicted in 1986 on two counterfeiting charges under 18 U.S.C. Sec. 472. Pursuant to a plea agreement, he pled guilty on April 20, 1987 to the first count, in return for which the government obtained a dismissal of the second count and refrained from offering a sentencing recommendation. Petitioner received an eight-year prison sentence. On March 28, 1989, he filed the instant pro se Sec. 2255 motion, alleging ineffective assistance of counsel. In his moving papers, he contended that: (1) after sentencing he requested his appointed counsel, Mr. David Roman, to file a motion for reduction of sentence under Fed.R.Crim.P. 35(b); (2) Roman promised he would do so; (3) Roman later indicated he had done so; but (4) no such motion was ever filed.[1] Petitioner also asserted that there were "compelling reasons" why a Rule 35(b) motion might have been successful, alleging specifically that his sentence was disproportionately severe in comparison to those imposed for comparable offenses in Puerto Rico and elsewhere.[2]
 
 
 3
 In its initial response to the motion on July 26, 1989, the government requested an evidentiary hearing, conceding that the validity of petitioner's allegations could not "be readily determined" from the face of the motion and the underlying record. A magistrate denied such request "at this time" and ordered a further response from the government. On August 22, 1989, the government reversed course, responding that petitioner's motion should be dismissed without a hearing. It submitted an affidavit from Roman, who stated that: (1) he advised petitioner of his right to file a Rule 35(b) motion and of the 120-day limitation; (2) he further advised him, however, that "in light of the criminal sentences pending against him in the federal courts in New Jersey and New York, which far exceeded the eight-year prison sentence he received [in the instant case], a motion for reduction of sentence ... was moot"; and (3) he did not file a Rule 35(b) motion for this reason, believing it "to be moot." Citing this explanation, the government argued that a Rule 35(b) motion would have been "futile" under the circumstances. Because of the two cases pending against petitioner, and because a 35(b) motion constitutes "a plea for leniency ... addressed to the sound discretion" of the court, United States v. Ames, 743 F.2d 46, 48 (1st Cir.1984) (per curiam), cert. denied, 469 U.S. 1165 (1985), it was "highly improbable" that the district court would have reduced petitioner's sentence. Accordingly, the government contended, counsel's failure to file such a motion could not be deemed ineffective assistance.
 
 
 4
 Eight days later, without affording petitioner the opportunity to respond, the magistrate recommended that the Sec. 2255 motion be denied without a hearing. Accepting the explanation offered by Roman in his affidavit, noting the discretionary nature of a Rule 35(b) determination, and echoing the reasons advanced by the government, the magistrate found that "petitioner's other federal cases pending at the time of his sentencing have greatly decreased the probability of a lowered sentence."[3] The district court, over petitioner's objection, summarily adopted the magistrate's recommendation on September 29, 1989 and denied the motion.[4] Petitioner now alleges that such summary disposition of his claim was unjustified.
 
 II.
 
 5
 Section 2255 provides that a petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." Under this "exacting standard," Bender v. United States, 387 F.2d 628, 630 (1st Cir.1967) (per curiam), a 2255 motion can be dismissed without a hearing only if: (1) "the petitioner's allegations, accepted as true, would not entitle [him] to relief," Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam); or (2) those allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir.1988) (per curiam). See, e.g., Hernandez-Hernandez v. United States, 904 F.2d 758, 762 (1st Cir.1990); Porcaro v. United States, 784 F.2d 38, 40 (1st Cir.) (per curiam), cert. denied, 479 U.S. 916 (1986); DeVincent v. United States, 602 F.2d 1006, 1009 (1st Cir.1979).
 
 
 6
 Petitioner's allegations are not so inherently incredible, or so vague or conclusory, as to warrant dismissal for that reason alone. Nor are they contradicted by the record. Indeed, because the allegations relate "primarily to purported occurrences outside the courtroom ..., the record could ... cast no real light" upon them. Machibroda v. United States, 368 U.S. 487, 494-95 (1962); accord, e.g., Hernandez-Hernandez v. United States, 904 F.2d at 762; United States v. Giardino, 797 F.2d 30, 32 (1st Cir.1986). Petitioner's factual contentions, to be sure, are directly contradicted by his trial attorney's affidavit. But such an affidavit is "not the record of the case." Bender v. United States, 387 F.2d at 630. By contradicting petitioner's allegations, the Roman affidavit does not resolve these factual issues but rather places them in dispute.[5] See, e.g., United States v. Butt, 731 F.2d 75, 77-78 (1st Cir.1984) ("material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government ... or defense counsel"); Miller v. United States, 564 F.2d 103, 106 (1st Cir.1977) ("Affidavits may assist only in determining if there is a genuine issue of fact to resolve"), cert. denied, 435 U.S. 931 (1978); Bender v. United States, 387 F.2d at 630. Moreover, this is not a case involving allegations "that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." Machibroda v. United States, 368 U.S. at 495; see, e.g., Ouellette v. United States, 862 F.2d 371, 377-78 (1st Cir.1988). As indicated, petitioner's contentions relate to alleged occurrences outside the courtroom. And the judge who decided petitioner's motion was not the sentencing judge. See note 4 supra. Accordingly, we think the magistrate and the district court erred in adopting Roman's version of events, over that of petitioner, without further factual development.
 
 
 7
 The inquiry thus becomes whether petitioner's allegations, if true, state a cognizable claim of ineffective assistance of counsel. Under the standards of Strickland v. Washington, 466 U.S. 668 (1984), a defendant advancing such a claim must demonstrate that: (1) counsel's performance was "deficient," falling below "an objective standard of reasonableness," id. at 687, 688; and (2) such performance "prejudiced" the proceeding, in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We think petitioner's allegations satisfy both criteria.
 
 
 8
 As mentioned above, a Rule 35(b) motion to reduce sentence "is essentially a plea for leniency ... addressed to the sound discretion of the district court." United States v. Ames, 743 F.2d at 48. It gives every convicted defendant, not only the opportunity to present new evidence or a change in circumstances in support of a lower sentence, but also simply "a second round before the sentencing judge." United States v. Colvin, 644 F.2d 703, 705 (8th Cir.1981). Given the discretionary determination involved, no general duty exists on the part of counsel to file a 35(b) motion as a matter of course. See, e.g., United States v. Nino, 878 F.2d 101, 104 (3d Cir.1989). Nor is it necessarily "deficient" for counsel to fail to honor a defendant's request that such a motion be filed, especially in the absence of circumstances suggesting some prospect of success, see, e.g., Shraiar v. United States, 736 F.2d 817, 818-19 (1st Cir.1984) (per curiam); an attorney is not obligated to file motions which, in the exercise of reasonable professional judgment, he considers futile or frivolous. On the other hand, where counsel promises to file a 35(b) motion, thereby inducing reliance by the client, and then fails to do so without adequate justification, courts have found deficient performance. See, e.g., United States v. Golden, 854 F.2d 31, 32 (3d Cir.1988); United States v. Ackerman, 619 F.2d 285, 288 (3d Cir.1980) (per curiam); see also Shraiar v. United States, 736 F.2d at 818 (describing Ackerman ). Here, petitioner alleges not only that Roman promised to file the requested 35(b) motion, but that he also subsequently misrepresented to petitioner that the motion had been filed. We think such conduct, if in fact true, falls below the "objective standard of reasonableness" called for by Strickland.
 
 
 9
 The government, again emphasizing the discretionary nature of the Rule 35(b) determination, contends that there was no "reasonable probability" that such a motion would have been successful, and thus that petitioner was not prejudiced by any failure of counsel to file same. To the extent the government means to suggest that prejudice can never arise from counsel's unreasonable failure to file a 35(b) motion, its argument is belied by the caselaw. See, e.g., United States v. Golden, 854 F.2d at 32-33 (prisoner, if his allegations prove true, was prejudiced by having been "deprived of the opportunity to have the district court consider, as a matter of discretion, an extraordinarily long sentence of incarceration"); United States v. Ferri, 686 F.2d 147, 149 (3d Cir.1982) (describing earlier remand order), cert. denied, 459 U.S. 1211 (1983); United States v. Ackerman, 619 F.2d at 288. But see Silano v. United States, 621 F.Supp. 1103, 1105 (E.D.N.Y.1985). And to the extent the government contends that petitioner here has failed to make a sufficient allegation of prejudice, we disagree. It is true that his eight-year sentence was well below the fifteen-year maximum prescribed by 18 U.S.C. Sec. 472. Nonetheless, petitioner maintains that his sentence was disproportionately severe in comparison to those imposed for similar counterfeiting offenses in Puerto Rico and elsewhere. He also points to the lower sentences he subsequently received in New Jersey and New York for what inferably were similar charges, see note 3 supra, as a reason why a 35(b) motion might well have proven successful.[6] On the present record, we cannot dismiss these arguments as frivolous. Two other factors buttress his claim. First, had the plea agreement contained a recommendation as to sentencing which had been followed by the court, any attempt to establish prejudice in this context would be problematic. See United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir.1988) (per curiam). As mentioned above, however, the plea agreement here contained no sentencing recommendation. Second, this is not a case where the sentencing judge has reviewed the Sec. 2255 motion and concluded that he would not have reduced a defendant's sentence even had there been a timely 35(b) motion. See, e.g., United States v. Nino, 878 F.2d at 104-05 (finding no prejudice for this reason); Voytik v. United States, 778 F.2d 1306, 1310 (8th Cir.1985) (same). As noted above, the judge who heard petitioner's Sec. 2255 motion was not the sentencing judge.[7]
 
 
 10
 For these reasons, we think the district court erred in summarily denying the Sec. 2255 motion.[8] We therefore vacate the judgment and remand for further proceedings. In doing so, "we do not mean to imply that a full evidentiary hearing with [petitioner] in attendance will necessarily be required." DeVincent v. United States, 602 F.2d at 1010. Something short of that format may well suffice to resolve all genuine disputes of material fact. See, e.g., Blackledge v. Allison, 431 U.S. 63, 80-85 (1977). Should the court find, following whatever expansion of the record it deems appropriate, that petitioner has been denied the effective assistance of counsel, it should vacate the sentence and impose a new sentence, following which petitioner would have 120 days to file a Rule 35(b) motion. See, e.g., United States v. Golden, 854 F.2d at 33.
 
 
 11
 Vacated and remanded.
 
 
 
 [1]
 As applicable to offenses committed prior to November 1, 1987, Rule 35(b) permits a defendant to move for reduction of sentence within 120 days after it is imposed or after it has been affirmed on appeal. The 120-day limitation is jurisdictional and may not be extended. United States v. Addonizio, 442 U.S. 178, 189 (1979)
 
 
 [2]
 Petitioner included this disproportionate-sentence claim as an independent ground for relief in his Sec. 2255 motion, but he has not pursued it on appeal. We accordingly will consider it only as it bears upon his claim of ineffective assistance of counsel. Petitioner's motion also advanced challenges to the district court's denial of his earlier requests (1) to file a Rule 35(b) motion out-of-time and (2) for appointment of counsel in connection therewith. These claims have also been abandoned on appeal, and are in any event plainly meritless in light of the jurisdictional nature of Rule 35(b)'s filing period
 
 
 [3]
 On September 12, 1989, petitioner filed a response (which he apparently drafted before receipt of the magistrate's report and recommendation) to the government's August 22 answer. He there described the outcome of these two pending criminal cases: on July 27, 1987, he was sentenced in New Jersey to a period of five years probation; the following day he was sentenced in New York to two years, to run concurrently with his eight-year sentence in the instant case. Although one can perhaps infer that they involved similar counterfeiting charges, the nature of these cases is not described in petitioner's response or elsewhere in the record
 
 
 [4]
 The Sec. 2255 motion was originally assigned to Judge Cerezo, the sentencing judge, but was reassigned to Judge Acosta shortly after being filed for reasons unexplained in the record
 
 
 [5]
 The fact that petitioner's allegations are unsworn is unimportant at this juncture. "We do not require ... that the movant show at the very outset, in the motion to vacate or in accompanying papers, that he has evidence of his allegations." DeVincent v. United States, 602 F.2d at 1009
 
 
 [6]
 As petitioner also observes, following the imposition of these sentences more than three weeks remained in the 120-day period for filing a 35(b) motion in the instant case
 
 
 [7]
 The government also argues that the lapse of time between petitioner's sentence and the filing of his Sec. 2255 motion "badly affects [his] good faith and credibility." The record demonstrates otherwise. Petitioner was sentenced on April 20, 1987. Over the next few months, he alleges that he attempted to contact his attorney on several occasions without success. On January 8, 1988, and again on March 2, 1988, he wrote from prison to the district court inquiring as to the status of his 35(b) motion. The court clerk replied by letter of March 25, 1988 that no such motion had been filed. On April 26, 1988, petitioner requested the appointment of a new attorney for the purpose of pursuing a 35(b) motion; the court denied this request on May 17, 1988. And on February 7, 1989, he requested leave to file an out-of-time 35(b) motion, which the court denied on February 21, 1989. Petitioner then filed the instant Sec. 2255 motion some five weeks later. We think this chronology reflects reasonable diligence on the part of a pro se, incarcerated petitioner
 
 
 [8]
 We note that in United States v. Hill, 826 F.2d 507 (7th Cir.1987), the court suggested that Sec. 2255 provided an inappropriate vehicle for raising this type of claim; being deprived of the opportunity to ask a judge for lenity under Rule 35, it observed, did not mean that the sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" as Sec. 2255 requires. Id. at 509. The Golden court subsequently held that, even if this position were valid, relief would remain available in this context through a writ of coram nobis. 854 F.2d at 32. Petitioner here has invoked coram nobis as an alternative basis for relief. Because the government has not raised this issue, however, we need not consider it