976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re FEDERAL GRAND JURY.
In re Chester Wheeler CAMPBELL, Petitioner.
 No. 92-1430.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 Chester Wheeler Campbell, a pro se federal prisoner, appeals a district court order denying his multiple requests for post-conviction discovery under Fed.R.Crim.P. 6. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A federal jury in Michigan convicted Campbell of possessing heroin, cocaine, and marijuana with the intent to distribute; possessing an unregistered destructive device; possessing a firearm with an obliterated serial number; possessing a firearm with a silencer; and being a felon in possession of a firearm. He received a forty year sentence. The convictions were affirmed on appeal. United States v. Campbell, 878 F.2d 170 (6th Cir.), cert. denied, 493 U.S. 894 (1989).
 
 
 3
 Following this court's decision, Campbell filed the following documents with the district court: 1) a petition for the production of grand jury transcripts, records, and materials; 2) a motion to voir dire grand jurors, witnesses, prosecutors, and a United States district judge; 3) a motion to compel the United States Attorney to reveal the names of two government agents who testified before the grand jury; 4) a motion to compel the United States Attorney to identify an informant referred to in an affidavit used to support a search warrant; and 5) a motion to dismiss the grand jury indictment due to government misconduct and for an evidentiary hearing. The district court denied the motions for lack of jurisdiction. In his timely appeal, Campbell argues that the district court erred in refusing to consider the merits of his motions and that the district court judge was biased. He requests oral argument and the appointment of counsel. In lieu of a brief, the United States has filed a motion to dismiss the appeal for lack of jurisdiction. Campbell has filed a response to the government's motion and a motion to remand.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in denying Campbell's discovery requests. See United States v. Straughter, 950 F.2d 1223, 1232 (6th Cir.1991). Campbell has no right to engage in discovery prior to filing a motion to vacate his sentence under 28 U.S.C. § 2255. See De Vincent v. United States, 602 F.2d 1006, 1009-10 (1st Cir.1979), cert. denied, 449 U.S. 1038 (1980) (discussing the ability to discover grand jury material in § 2255 cases under Fed.R.Crim.P. 6). Campbell's argument that the district court judge was biased is without merit.
 
 
 5
 Accordingly, we deny Campbell's requests for relief, deny the government's motion to dismiss, deny Campbell's motion to remand, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.