19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
George MORAN, Defendant, Appellant.
 No. 93-1975
 United States Court of Appeals, First Circuit.
 March 29, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts
 George A. Moran on brief pro se.
 Donald K. Stern, United States Attorney, and George W. Vien, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 There was no abuse of discretion in denying appellant's motions for discovery and for an evidentiary hearing filed in advance of the filing of any motion to vacate, set aside or correct a sentence, pursuant to 28 U.S.C. Sec. 2255. Appellant is not entitled to either discovery or an evidentiary hearing in the hope of uncovering some basis for collateral relief from his conviction. See DeVincent v. United States, 632 F.2d 145, 146 (1st Cir.) (holding that there was no error in denying reconsideration of dismissal of Sec. 2255 motion on the basis of a speculative request for broad-scale discovery and evidentiary hearing, which sought to subpoena grand jury foreman and members, the Assistant United States Attorney and his aides, the court stenographer, and the stenographer's notes and transcripts, and to allow the questioning of all parties concerned about the way in which the indictment was voted and returned), cert. denied, 449 U.S. 1038 (1980); United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979) (per curiam) (no error in denying request for transcript of conviction in advance of the filing of a Sec. 2255 motion). If the appellant has grounds for collateral relief, he must first file a Sec. 2255 motion setting forth, as best he can, some supported basis for his claim. From this filing, the district court may then determine whether discovery and/or an evidentiary hearing is warranted.
 
 
 2
 Affirmed.