972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jerald J. OAKES, Jr., Defendant-Appellee.
 No. 91-30383.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided Aug. 14, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals from the district court's imposition of a sentence less than the five-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B)(vii). We reverse and remand for imposition of a new sentence consistent with the statute and the Sentencing Guidelines.
 
 
 3
 The government challenges the district court's conclusion that the decision to prosecute Oakes in federal court violated due process. We need not decide that issue. Even if we detected a due process violation, recent decisions of this court would require us to hold that absent proof of discrimination based on suspect characteristics, we may not review charging decisions made by prosecutors. See Redondo-Lemos, 955 F.2d 1296, 1299-1300 (9th Cir.1992); United States v. Diaz, No. 91-30165, slip op. 4099, 4107 (9th Cir. Apr. 15, 1992). This is true even when the motive for federal prosecution is that harsher sentences are possible. United States v. Nance, No. 91-30192, slip op. 5623, 5633 (9th Cir. May 18, 1992) (amended opinion).
 
 
 4
 The district court stated that it would have departed even in the absence of a constitutional violation because Oakes's case is "atypical." Even assuming (without deciding) that the atypicality of this case provided the district court with the power to depart from a Guidelines-mandated sentence, the district court must impose the minimum mandatory five-year sentence absent a clear statutory mandate authorizing the court to depart. United States v. Williams, 939 F.2d 721, 725-26 (9th Cir.1991). We recognize the equitable considerations that underlay the district court's sentence, but statute and precedent compel the district court to impose a sentence consistent with 21 U.S.C. § 841(b) and the applicable Guidelines.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3