**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerald J. OAKES, Jr., Defendant–Appellant.**

**No. 92–30500.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Dec. 10, 1993.

R. John Sloan, Jr., Omak, WA, for defendant-appellant.

Stephanie J. Johnson, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

Before: GOODWIN and HUG, Circuit Judges, McKIBBEN,* District Judge.

GOODWIN, Circuit Judge:

Jerald Oakes, Jr. appeals his mandatory minimum sentence of five years imprisonment for violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(vii). Oakes, a first offender, argues (1) that the government violated his due process and equal protection rights by prosecuting his case in federal court; and (2) that his sentence violates the Eighth Amendment because it is disproportionate to his personal history and crime. We reluctantly affirm.

This case illustrates some of the problems with the mandatory minima contained in 21 U.S.C. § 841. Congress enacted the mandatory minima and Sentencing Guidelines in order to promote consistency in sentencing and to improve the perceived fairness of sentences. **United States Sentencing Commission, Guidelines Manual** 1.2–1.3 (Nov. 1990).

However, Oakes points out that he could have been prosecuted in state court, where, as a first offender, his sentence would have been 0–90 days. He asserts that he knows another person from the same area who was caught with more plants as well as with weapons, but was nonetheless prosecuted in state court. See State of Washington v. William Ray Ward, No. 90–1–00262–4 (Okanogan Co. May 23, 1991).

The government admits that Oakes was prosecuted in federal court primarily because federal law provides for stiffer penalties and more rigorous forfeiture of defendants' property. The government concedes that the state task force which referred Oakes's case to federal court had no written policies for determining which cases would be referred to federal court; that Oakes was investigated and arrested by state police officers and that these officers were influential in determining where Oakes was prosecuted. The government does not explain why Oakes was prosecuted in federal court while other similar defendants were not. Not surprisingly,

Oakes argues that the random decision to prosecute him in federal court was arbitrary and unfair. The District Court agreed that a five-year sentence is disproportionate to Oakes's personal history and crime. Oakes pled guilty pursuant to a written plea bargain agreement, in which he agreed to forfeit his family home in return for the government's promise to drop the charges pending against his wife.

Oakes is thirty-one, and has no prior felony convictions. He has held a steady job and is the father and sole breadwinner in a family which includes two children under five years of age. The forfeiture of Oakes's family home could leave Oakes's wife and two children homeless and dependant on public assistance. The 100 plus marijuana plants seized in Oakes's home were barely sufficient to trigger § 841's statutory minima.

Finding that Oakes's case was exceptional and that his decision to grow marijuana was "aberrant behavior" when compared with his previous life-style, the District Court originally sentenced Oakes to probation, a downward departure from the statutory minimum. The government appealed that sentence and we reversed and remanded. We held that § 841(b) requires district courts to impose the mandatory minimum sentence absent a clear statutory mandate authorizing a departure. 21 U.S.C. § 841(b) and the applicable Guidelines. United States v. Jerald Oakes, Jr., No. 91–30383, 1992 WL 196922 (9th Cir. Aug. 14, 1992) (Unpublished Memorandum).

Upon the remand for imposition of a new sentence, the District Court reluctantly sentenced Oakes to five years imprisonment and four years supervised release, again, for the record, objecting that this sentence was inappropriate and extreme. Unfortunately, the law gives us no choice but to affirm.

## I. *Oakes's Due Process and Equal Protection Claims*

Oakes argues that the prosecutor's decision to appeal was unfair because the same office elected not to appeal another case,

* Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation.

decided shortly after *Oakes*, in which another defendant caught with more marijuana plants received probation. *See United States v. Anthony F. Zak*, CR 91–202–AAM (E.D.Or. Apr. 17, 1992) (unpublished disposition) (concerning a seventy-one year old defendant). We have no supervisory role in the prosecution's choice of cases to appeal.

 Oakes also argues that the government violated his due process and equal protection rights by arbitrarily prosecuting him in federal rather than state court. However, we have no jurisdiction to review prosecutors' charging decisions, absent proof of discrimination based on suspect characteristics such as race, religion, gender or personal beliefs. *United States v. Palmer*, 3 F.3d 300, 305–06 (9th Cir.1993) (Amended Opinion); *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir.), *cert. denied by Romero v. U.S.*, — U.S. —, 113 S.Ct. 478, 121 L.Ed.2d 384 *and cert. denied by Sitton v. U.S.*, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1992); *United States v. Diaz*, 961 F.2d 1417, 1420 (9th Cir.1992); *United States v. Redondo–Lemos*, 955 F.2d 1296, 1300–01 (9th Cir.1992). This is true, even where the prosecutor's decision to file in federal court was not made pursuant to written policy, was motivated primarily by a desire to impose a harsher sentence, and was inconsistent with the treatment given other defendants. *Palmer*, 3 F.2d at 305 n. 3 (upholding federal prosecution where defendant's partner was prosecuted in state court even though the partner received no jail time and the defendant received ten years); *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992) (no objective policy required); *United States v. Nance*, 962 F.2d 860, 864–65 (9th Cir.1992) (per curiam); *United States v. Reyes*, 966 F.2d 508, 509 (9th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 355, 121 L.Ed.2d 268 (1992).[1] Finally, a "wide disparity" between sentencing schemes of different jurisdictions does not violate equal protection, even where two persons who commit the same crime are subject to different sentences. *United States v. Kinsey*, 843 F.2d 383, 393–94 (9th Cir.), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988).

As this case demonstrates, the mandatory minima do not eliminate either discretion or disparity in sentencing, they merely shift the discretion from judges to prosecutors. Disparate sentences survive the attempted reform. Oakes could have received a far more lenient sentence had the prosecutor's office elected to proceed in state court, had it been more lenient during plea bargaining, or had it elected not to appeal the District Court's original sentence. The Article III District Court, with the benefit of personally observing the defendant and his family, strongly felt that Oakes's prosecution had produced bizarre results. We are inclined to agree, but we are bound to enforce the laws of Congress if they are Constitutional.

## II. *Oakes's Eighth Amendment Claims*

 We also cannot characterize the mandatory minimum as a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Supreme Court has only once found that a term of imprisonment constituted cruel and unusual punishment, and its opinion clearly indicates that the Eighth Amendment allows for only a very limited proportionality review of sentence length:

> [o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare.... Reviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.

*Solem v. Helm*, 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983) (cites and internal quotations omitted). Subsequent decisions have, if anything, narrowed

---

**1.** Other circuits have adopted a similar rule. *See, e.g., United States v. Mills*, 964 F.2d 1186 (D.C.Cir.) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 471, 121 L.Ed.2d 378 (1992); *United States v. Williams*, 963 F.2d 1337 (10th Cir.1992) (reversing *United States v. Williams*, 746 F.Supp. 1076 (D.Utah 1990), relied on by the district court); *United States v. Parson*, 955 F.2d 858, 873–74 n. 22 (3d Cir.1992); *United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir.1992); *United States v. Carter*, 953 F.2d 1449, 1462 (5th Cir.), *cert. denied by Hammack v. United States*, — U.S. —, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992).

the scope of Eighth Amendment review. *See Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). We may reverse a sentence under the Eighth Amendment only if a " 'comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.' " *United States v. Bland,* 961 F.2d 123, 129 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992) (quoting *Harmelin,* —— U.S. at ——, 111 S.Ct. at 2707 (Kennedy, J., concurring)).

Section 841's mandatory minima have withstood numerous Eighth Amendment challenges. *See, e.g., United States v. Kidder,* 869 F.2d 1328, 1334–34 (9th Cir.1989) (upholding a mandatory minimum five year sentence for possession of cocaine); *United States v. Klein,* 860 F.2d 1489, 1495–1501 (9th Cir.1988) (same); *United States v. Savinovich,* 845 F.2d 834, 839–40 (9th Cir.), *cert. denied,* 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988) (same). Oakes attempts to distinguish these cases because they involve different drugs and repeat offenders. However, courts have specifically upheld § 841(b)(1)(B)(vii)'s mandatory minimum five-year sentence for possession with intent to distribute more than 100 marijuana plants against an Eighth Amendment challenge, *United States v. Coones,* 982 F.2d 290 (8th Cir.1992), and have held that first offenders may constitutionally receive mandatory five-year sentences. *United States v. Cook,* 859 F.2d 777 (9th Cir.1988); *see also Harmelin,* —— U.S. ——, 111 S.Ct. 2680 (upholding a Michigan law imposing a mandatory life sentence on a first-time offender convicted of possessing 650 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 373, 102 S.Ct. 703, 705, 70 L.Ed.2d 556 (1982) (upholding a forty-year sentence imposed on a repeat offender convicted of possessing and distributing approximately nine ounces of marijuana). Finally, "the proportionality requirement of the Eighth Amendment does not require that a defendant's sentence be harmonized with the

sentences imposed by other courts on other defendants." *United States v. Zavala–Serra,* 853 F.2d 1512, 1518 (9th Cir.1988).[2]

AFFIRMED.

---

**2.** At oral argument, Oakes called our attention to *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), in which the Supreme Court recently held that the Excessive Fines Clause of the Eighth Amendment applies to forfeitures of property under 21 U.S.C.

§§ 881(a)(4) and (a)(7). Because Oakes did not raise this issue below, we do not address it and express no opinion whether the forfeiture of Oakes's home and property violated the Excessive Fines Clause of the Eighth Amendment.