38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas Charles ELLENA, Defendant-Appellant.
 No. 93-2293.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1994.
 
 Before: LIVELY, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Nicholas Charles Ellena appeals the sentence he received after pleading guilty to growing more than 100 marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(vii). The parties have expressly waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The facts underlying Ellena's sentence were described in his brief on appeal:
 
 
 3
 [T]he Lansing Police Department obtained a search warrant and executed same on December 29, 1992 wherein they seized 124 live marijuana plants, approximately 2 feet tall, 2 growing lights, 2 power packs and cords and a rotator bulb that allowed the lights to be rotated. Additionally, there was 32 grams of processed marijuana on the premises.
 
 
 4
 The Defendant made a full statement to the police admitting that he was growing the marijuana, that he grew it for his own use and that he was not in the business of trafficking in marijuana. The Defendant indicated that he yields between one and a half and two kilos in an average year from his growing operation for all the plants, not per plant. Ellena entered his guilty plea in exchange for the government's agreement not to prosecute him on any other non-violent charges that might arise from this incident. On September 27, 1993, the district court sentenced him to five years of imprisonment and four years of supervised release. It is from this judgment that Ellena now appeals.
 
 
 5
 Ellena does not challenge the validity of his guilty plea or conviction in this appeal. Instead, he raises two arguments regarding the constitutionality of his sentence. We will review these arguments because they were raised in general terms in the district court. We note, however, that Ellena received the minimum sentence that was statutorily mandated by 21 U.S.C. Sec. 841(b)(1)(B)(vii). Thus, Ellena's arguments regarding the application of the Sentencing Guidelines are unavailing, as the district court had no discretion to impose a sentence below the statutory minimum that he received. See U.S.S.G. Sec. 5G1.1(c)(2); United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). Nevertheless, we will consider Ellena's current arguments insofar as he challenges the constitutionality of 21 U.S.C. Sec. 841(b)(1)(B)(vii).
 
 
 6
 Ellena argues that he was denied due process and equal protection because the sentencing scheme treats defendants differently based on whether they possess marijuana plants or processed marijuana. He also argues that defendants are treated differently based on the number of marijuana plants that they grow, because fewer than 51 plants are each equated with 100 grams of marijuana whereas 51 or more plants are each equated with 1000 grams of marijuana. However, this court has already determined that a defendant's rights of due process and equal protection are not violated by the treatment of marijuana plants in Sec. 841(b)(1). United States v. Holmes, 961 F.2d 599, 601-02 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992). This authority is controlling in the present case. See United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993) (per curiam).
 
 
 7
 Ellena also argues that he was subjected to cruel and unusual punishment because the sentencing scheme equates 100 marijuana plants with 100 kilograms of processed marijuana. He alleges that he would have possessed only 1 to 2 kilograms of marijuana if his crop had been harvested. In similar cases, the courts have held that Sec. 841(b)(1)(B)(vii) does not subject marijuana growers to cruel and unusual punishment. See, e.g., United States v. Oakes, 11 F.3d 897, 898-900 (9th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994). In the present case, Ellena has not shown that there was an extreme disparity between his offense and the five-year sentence that he received. He has, therefore, failed to show that his sentence violated the Eighth Amendment. See United States v. Hopper, 941 F.2d 419, 422 (6th Cir.1991).
 
 
 8
 Accordingly, the district court's judgment is affirmed.