51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Alan HERSHEY, Defendant-Appellant.
 No. 93-10705.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1995.*
Decided April 3, 1995.
 
 Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On remand, the district court was instructed to clarify whether it found Stanley Alan Hershey responsible for the death of Gordon Johnson and, if so, whether it relied upon this factor in departing upward. Before Hershey was resentenced, he was convicted in California state court for the murder of Johnson.
 
 
 3
 In resentencing Hershey, the district court specifically found "on the basis of the evidence adduced at the trial in this court that defendant Stanley Hershey was responsible for the murder of Gordon Johnson." The court therefore found an upward departure appropriate under U.S.S.G. Sec. 5K2.1 (death as a ground for departure). The district court specifically found that the homicide was premeditated and would qualify for treatment under section 2A1.1 (first degree murder). However, the district court declined to depart to the corresponding offense level (43), because it would result in a life sentence, which is beyond the sentence originally imposed. Instead, the court departed to the base offense level corresponding to second degree murder (U.S.S.G. Sec. 2A1.2)--level 33. The court also departed upward for more than minimal planning and vulnerable victim, making the total base offense level 37.[1] With the criminal history category of 1, the resulting range was 210 to 262 months. The court again imposed a 240-month sentence.
 
 
 4
 The death of a victim is a permissible basis for departure under section 5K2.1. Section 5K2.1 provides that "a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud." The 1991 guidelines policy discussion of departures explains that:
 
 
 5
 Of course, an important factor (e.g., physical injury) may infrequently occur in connection with a particular crime (e.g., fraud). Such rare occurrences are precisely the type of events that the courts' departure powers were designed to cover--unusual cases outside the range of the more typical offenses for which the guidelines were designed.
 
 
 6
 United States Sentencing Commission, Guidelines Manual (Nov.1991) at 6.
 
 
 7
 At the resentencing hearing, the district court clarified the findings made at the original sentencing and clearly based its departure on the evidence produced at trial. There is no clear error in the finding that Hershey was responsible for the death of Johnson. Furthermore, there is no indication the district court relied on the intervening state court murder conviction. In fact, the district court specifically found "on the basis of the evidence adduced at the trial in this court" that Hershey was responsible for the murder of Johnson.
 
 
 8
 In addition, a fair reading of the sentencing transcript demonstrates that the district court did provide a reasoned and explicit explanation for the extent of the departure, and did analogize to guideline sections and offense levels for each factor upon which it departed. The extent of the departure was reasonable "in light of the structure, standards and policies of the [Sentencing] Act and Guidelines," and included "a reasoned explanation of the extent of the departure." United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc).
 
 
 9
 We also reject Hershey's cursory argument that the sentence violates the Eighth Amendment. "We may reverse a sentence under the Eighth Amendment only if a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." United States v. Oakes, 11 F.3d 897, 900 (9th Cir.1993) (internal quotations omitted), cert. denied, 114 S.Ct. 1569 (1994). There is no such inference in this case.
 
 
 10
 Hershey's sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hershey does not appeal these departures