52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray Martin HEFFINGTON, Defendant-Appellant.
 No. 93-10515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Submission Vacated Sept. 29, 1994.
Resubmitted March 28, 1995.
Decided April 18, 1995.
 
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,**
 MEMORANDUM**
 Ray Martin Heffington appeals his jury conviction and sentence for conspiracy to distribute methamphetamine (21 U.S.C. Sec. 846) and possession with intent to distribute methamphetamine (21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2). Heffington joins in the following arguments of his co-defendant Kosinski, viz., the district court lacked jurisdiction because the grand jury indictment was not returned in open court; the district court improperly admitted evidence of Kosinski's prior conduct involving drug trafficking between Chowchilla, California and Iowa; and the government's attorney committed misconduct by making improper comments during the closing argument. Additionally, Heffington argues that the district court incorrectly denied his motion for a new trial based on prejudice from the "spillover" effect of evidence admitted solely against Kosinski. Finally, Heffington contends his sentence should be vacated and the case remanded so he can challenge the constitutionality of one of his two prior felony convictions that were used to enhance his sentence, and that his sentence constitutes cruel and unusual punishment.
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 * Heffington argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. His objections to the indictment raise questions of law, which we review de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990).
 The foreperson of the grand jury returned the indictment to a magistrate judge after the court had been cleared and closed to the public. Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Heffington argues that the district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f), Eastern District Local Rule 302(b)(5), the grand jury provision of the Fifth Amendment, the Sixth Amendment's guarantee of a public trial, and the right of public access protected by the First Amendment. However, Heffington has waived his right to appellate review of any defects in the grand jury proceeding, because he failed to object in the district court to the manner in which the indictment was returned or to move for dismissal of the indictment.
 Pursuant to Fed.R.Crim.P. 12(b)(2) and 12(f), defendants waive all but jurisdictional claims of error unless they raise their claims before trial. United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).[1] We have defined jurisdictional claims as constitutional claims "that challenge the right of the state to hale the defendant into court." Montilla, 870 F.2d at 552. In United States v. Lennick, 18 F.3d 814, 817-18 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994), we held that noncompliance with Rule 6(f) did not necessarily deprive the district court of jurisdiction, but was subject to harmless error analysis. As in Lennick, Heffington does not challenge the indictment itself, but rather the manner in which it was returned. He does not argue that the grand jury was improperly influenced or that the indictment is otherwise unsound. Because Heffington's claim is not jurisdictional, we conclude that he waived his claim of error in the return of the indictment. Id.
 II
 Heffington contends that evidence of co-defendant Kosinski's prior conduct was improperly admitted. We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994).
 We repeat our analysis in United States v. Kosinski, No. 93-10499, wherein we affirmed the district court's decision to admit the evidence. Before deciding to admit the government's evidence against Kosinski under Rule 404(b), the district court conducted an extensive hearing outside the presence of the jury during which the government's principal witness for offering the prior conduct evidence, Kristen Trent, testified. Upon conclusion of this hearing, the evidence was ruled admissible. The evidence included Trent's testimony that when she was living with her father in Iowa in the summer of 1989, she transferred money at her father's request to Kosinski in Chowchilla, California, on several occasions. Trent further testified that her father received five packages during this time period, one of which was from "Steve." The district court also admitted evidence that Kosinski was arrested in Iowa at the house of Trent's father and that, subsequently, Kosinski's house and a nearby garage he rented for storage were searched. A black nylon bag containing a triple-neck flask and a porcelain funnel, items commonly found at clandestine methamphetamine laboratories, was found in the garage. Residue on the flask was tested and found to contain methamphetamine.
 We recently restated the four-part test for the application of Rule 404(b), which allows the admission of prior conduct evidence for certain purposes other than proving that the defendant acted in conformity with that conduct:
 [E]vidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.
 Mayans, 17 F.3d at 1181.
 The government offered its Rule 404(b) evidence against Kosinski to show he knew that the car rented for the third co-conspirator Neil Stevens to drive to Iowa was to be used to transport methamphetamine from Chowchilla. The purpose of this evidence was to negate Kosinski's defense that he mistakenly believed Stevens was driving to Iowa solely to visit his daughter for Christmas. Kosinski's knowledge was material because the government had to prove knowledge as an element of the criminal offense. Id. at 1182. Kosinski did not challenge the materiality of the evidence on appeal.
 Kosinski argued that his prior acts were too remote in time to be admissible. However, the district court properly exercised its discretion in admitting the government's Rule 404(b) evidence over Kosinski's remoteness objection. Kosinski's prior conduct was 3-4 years old. When offered to negate a defense of mistake or lack of knowledge, prior conduct more than 10 years old has been considered not too remote and admitted. See United States v. Ross, 886 F.2d 264, 265 (9th Cir.1989), cert. denied, 494 U.S. 1083 (1990); United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990).
 Kosinski argued, but did not establish, that the evidence was insufficient to prove the prior conduct occurred. Rule 404(b) evidence is relevant if the government presents proof from which a jury can reasonably conclude the prior bad conduct occurred and the defendant committed the acts in question. The government is not required to present such proof by a preponderance of the evidence. Huddleston v. United States, 485 U.S. 681, 690 (1988). Here, the government nevertheless met the higher standard of showing by a preponderance that Kosinski had committed the prior bad acts.
 Finally, Rule 404(b) evidence must be sufficiently similar to the charged offenses to be admissible. Kosinski argued that the evidence was not similar by focusing on minor differences, such as, in 1989 he transferred drugs by United Parcel packages and drove a truck to Iowa instead of renting a car. However, there were compelling similarities; namely, that in both 1989 and 1992 Kosinski was involved in the criminal activity of drug trafficking from Chowchilla, California to Iowa, two distinct and uncommon locations. Accordingly, the district court properly exercised its discretion in admitting the government's Rule 404(b) evidence over Kosinski's objection for lack of similarity.
 Moreover, the district court must specifically incorporate the balancing requirement of Fed.R.Evid. 403 into its Rule 404(b) inquiry. Mayans, 17 F.3d at 1183. Here, although it did not explicitly mention Rule 403, the district court exercised great care in examining the Rule 404(b) evidence before deciding to admit it. Additionally, the district court carefully instructed the jury on the limited purpose for which the 404(b) evidence was being admitted, both at the time it was admitted and at the end of the trial. Thus, the district court did not abuse its discretion by admitting the highly probative evidence of prior conduct in drug trafficking between Chowchilla and Iowa to negate Kosinski's defense of mistake and lack of knowledge.
 III
 Heffington also joins in co-defendant Kosinski's contention that the prosecution's remarks during its closing argument were improper. We again repeat our analysis in United States v. Kosinski, No. 93-10499, wherein we affirmed the district court.
 Kosinski did not object at trial to the disputed remarks. We therefore consider whether the remarks rose to the level of "plain error" that would "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985); United States v. Hinton, 31 F.3d 817, 824 (9th Cir.1994), cert. denied, 115 S.Ct. 773 (1995). Plain error, in other words, is present "solely in those circumstances in which a miscarriage of justice would otherwise result." Young, 470 U.S. at 15.
 
 
 1
 Kosinski challenged two sets of comments by the government. In the first, the prosecutor attacked defense witnesses as liars, stating, "It was a crying shame that people come into a courtroom, raise their hand, take an oath and lie to you ... Well, I'll tell you this. There will be prosecution. We do not allow people to come into this court under the sanctity of that oath and lie." However, in addition, the prosecutor told the jury, "You have to determine for yourself who's telling the truth." Also, the district court instructed the jury twice that the arguments and statements by the lawyers were not evidence and should not be considered evidence. Accordingly, although the prosecutor's comments improperly expressed his personal opinion as to the truth or falsity of the testimony of witnesses, they did not rise to the level of plain error.
 
 
 2
 In the second set of challenged comments, the prosecutor reminded the jury how Kristen Trent had broken down and cried during her testimony about the effects of drugs on people's lives. The prosecutor also spoke in his rebuttal about the drug war, comparing it to slavery and the Civil War and quoting from Abraham Lincoln. On appeal, Kosinski contended that the comments were improperly intended to appeal to the emotions and passion of the jury. The comments were primarily directed to the gravity of the drug problem in this country. Even if they constituted an emotional appeal to the jury, they did not rise to the level of plain error.
 
 IV
 
 3
 Heffington claims the district court improperly denied his motion for a new trial. We review for an abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 502 U.S. 891 (1991). Heffington's motion for a new trial was based on his claim of prejudice from the "spillover" effect of the Rule 404(b) evidence admitted against co-defendant Kosinski alone. Although Heffington moved three times to sever on that basis, he waived the issue of the denial of the severance motion as a ground on appeal by failing to renew the motion at the close of all trial evidence. United States v. Plache, 913 F.2d 1375, 1378-79 (9th Cir.1990).
 
 
 4
 The district court admonished the jury three times at the appropriate points during trial that the Rule 404(b) evidence was being admitted for a limited purpose against co-defendant Kosinski alone. The district court also instructed the jury at the end of trial on the limited purpose of the Rule 404(b) evidence. Heffington does not challenge the sufficiency of the cautionary, limiting instructions given by the district court. In light of the district court's instructions and the overwhelming evidence against Heffington, he has failed to demonstrate any prejudicial "spillover" effect from the admission of Rule 404(b) evidence against co-defendant Kosinski alone.
 
 V
 
 5
 Heffington contends his sentence should be vacated and the case remanded so he can challenge one of his two prior felony convictions. At sentencing, Heffington brought a motion to strike his prior felony conviction suffered in the Santa Clara County Superior Court, Case No. 119081, for possession of methamphetamine, on the grounds that his counsel rendered incompetent advice and pressured him to plead guilty.[2] Heffington had pleaded guilty to this charge on January 22, 1988, and was sentenced on April 29, 1988. The district court denied Heffington's motion as time-barred under 21 U.S.C. Sec. 851(e) because the information alleging the prior conviction was filed on April 1, 1993, which was more than five years after the date Heffington pleaded guilty (January 23, 1988). Heffington argues on appeal that 21 U.S.C. Sec. 851(e) is unconstitutional or, even if the statute is constitutional, his challenge to the validity of his prior conviction is not time-barred. We disagree and affirm the district court.
 
 
 6
 We recently upheld the constitutionality of 21 U.S.C. Sec. 851(e)[3] in United States v. Davis, 36 F.3d 1424 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Following Custis v. United States, 114 S.Ct. 1732 (1994), we held that the statutory right to challenge collaterally a prior conviction at sentencing under 21 U.S.C. Sec. 851(e) exists only when a defendant asserts that the prior conviction was obtained in violation of the right to counsel. Davis, 36 F.3d at 1438. Heffington was represented by counsel at his 1988 conviction and, therefore, he may not challenge this underlying conviction on other grounds if it is time-barred under 21 U.S.C. Sec. 851(e).
 
 
 7
 Heffington argues his prior conviction is not time-barred because the five-year limit is measured from when Heffington was sentenced on April 29, 1988, rather than when he pleaded guilty on January 23, 1988. We reject the argument.
 
 
 8
 Heffington contends that the date a prior conviction "occurred" for Sec. 851(e) purposes should be deemed to be the date on which the conviction became final, as defined by the jurisprudence interpreting "final" for purposes of sentence enhancement under 21 U.S.C. Sec. 841(b)(1)(A). In Williams v. United States, 651 F.2d 648, 650-51 (9th Cir.1981), we held that convictions are not final until the time for direct review has passed. The rationales underlying the Williams holding were: (1) elimination of the need for resentencing should the prior conviction be reversed; and (2) avoiding the possibility of conflicting results in different courts if direct and collateral attacks proceeded simultaneously. Id. at 649-50.
 
 
 9
 However, Williams involved a different statute and different language. Section 841(b)(1)(A) requires that the convictions "have become final"; section 851(e) addresses when the prior conviction "occurred." It is presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another. BFP v. Resolution Trust Corp., 114 S.Ct. 1757, 1761 (1994); see also West Coast Truck Lines, Inc. v. Arcata Community Recycling Ctr., Inc., 846 F.2d 1239, 1244 (9th Cir.), cert. denied, 488 U.S. 856 (1988).
 
 
 10
 In United States v. Mackbee, 894 F.2d 1057 (9th Cir.), cert. denied, 495 U.S. 962 (1990), we considered the definition of "prior sentence" for computing criminal history in U.S.S.G. Sec. 4A1.2. We noted that while the Williams holding was premised on the language of that statute requiring prior convictions to be final, Guidelines "[l]anguage indicating a requirement that the sentence be final is conspicuously absent." Id. at 1058. Such language is also conspicuously absent in Sec. 851(e). We are not persuaded that specific language present in Sec. 841(b)(1)(A) should control the interpretation of different language in Sec. 851(e).
 
 
 11
 Accordingly, because 21 U.S.C. Sec. 851(e) contains no requirement of finality, and Heffington's prior conviction occurred when he pleaded guilty on January 23, 1988, the district court's denial of Heffington's motion to strike as time-barred is affirmed.
 
 VI
 
 12
 Finally, Heffington argues that his sentence of life imprisonment without possibility of parole constitutes cruel and unusual punishment in violation of the Eighth Amendment. We review de novo the legality of a district court's sentence under the Eighth Amendment. United States v. Bland, 961 F.2d 123, 128 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992).
 
 
 13
 The Supreme Court has clearly indicated that the Eighth Amendment allows only a very limited proportionality review of sentence length. Such challenges succeed only in the "rare case" where a sentence is grossly disproportionate. Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring). Nevertheless, Heffington argues that the sentence he received as a recidivist under Sec. 841(b)(1)(A) should be reviewed for proportionality as discussed in Bland, 961 F.2d at 129.
 
 
 14
 Mandatory minimum sentences under Sec. 841 have repeatedly withstood Eighth Amendment challenges in this circuit. See, e.g., United States v. Oakes, 11 F.3d 897, 900 (9th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994) (five years imprisonment for possession with intent to distribute 100 marijuana plants); United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990) (twenty years imprisonment for possession with intent to distribute five kilograms of cocaine where defendant had prior felony drug offense). Although we have not directly decided if a mandatory term of life imprisonment without release upon a third felony drug conviction violates the Eighth Amendment, the Sixth Circuit faced this issue in United States v. Hill, 30 F.3d 48, 50-51 (6th Cir.), cert. denied, 115 S.Ct. 350 (1994), and cert. denied, 115 S.Ct. 597 (1994). There the defendant was convicted of a violation involving 177.8 grams of cocaine base. The court found a life sentence constitutional, since defendant had two prior offenses and defendant's crime was more egregious than that in Harmelin.[4]
 
 
 15
 The Eighth Circuit in United States v. Harvey, 946 F.2d 1375, 1378 (8th Cir.1991), also found a life sentence for a third time offender constitutional. There, defendant was convicted of possession of more than 50 grams of crack cocaine with intent to distribute. The court felt that Harmelin sanctioned life without parole as a punishment for a drug crime of that magnitude, and found nothing to distinguish the case from Harmelin except that the defendant had two prior convictions.
 
 
 16
 Heffington was convicted of conspiracy to distribute almost 2000 grams of methamphetamine.[5] As in Hill and Harvey, his offense is at least as serious as that of the first-time offender in Harmelin, and thus his sentence can not be said to be grossly disproportionate to the offense.
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information" may only be raised prior to trial. Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute waiver thereof."
 
 
 [2]
 Heffington does not dispute that his other prior felony conviction suffered March 10, 1987, is a qualifying conviction for enhancement of his sentence
 
 
 [3]
 21 U.S.C. Sec. 851(e) provides that a defendant may not challenge the validity of any prior conviction that occurred more than five years before the information alleging such prior conviction was filed
 
 
 [4]
 The defendant was convicted of conspiracy to distribute rather than simple possession, and the amount of narcotics involved was greater when calculated according to the Sentencing Guidelines. Under the Guidelines, cocaine base was treated as harshly as a quantity of powder cocaine one hundred (100) times greater. U.S.S.G. Sec. 2D1.1
 
 
 [5]
 Under the Sentencing Guidelines, methamphetamine is treated five times, or in its pure form fifty times, more severely than powder cocaine. U.S.S.G. Sec. 2D1.1