117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Theresa VARSAMAS, Defendant/Appellant.
 No. 95-30223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1997, Seattle, Washington.
Decided July 1, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-94-279-WFN; William Fremming Nelson, District Judge, Presiding.
 
 
 2
 Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Theresa Varsamas timely appeals her convictions for conspiracy with the intent to distribute and distribution of methamphetamine. Varsamas argues: 1) the district court erred in denying her motion for a new trial because the United States did not inform her of co-defendant Vivian Hulett's positive urinalysis tests pursuant to Brady v. Maryland, 373 U.S. 83 (1963); 2) the district court erred in denying her motion for a new trial because Hulett committed perjury during direct examination; 3) the district court erred in failing to instruct the jury on diminished capacity; 4) the district court erred in calculating her sentence without proof that the methamphetamine was D-methamphetamine; 5) the district court violated the Eighth Amendment when it sentenced her to the mandatory minimum without making an individual assessment of her culpability; and 6) she received ineffective assistance of counsel.
 
 I. Background
 
 5
 In 1994 Theresa Varsamas, Vivian Hulett, and Cassandra Gardipee were charged with conspiracy to possess with the intent to distribute and distribution of methamphetamine. Both Gardipee and Hulett pled guilty and agreed to testify against Varsamas in exchange for a lighter sentence. At trial, Gardipee and Hulett testified that the source and supply for the methamphetamine was Varsamas. Their testimony was corroborated by telephone activity between Varsamas' home and the witnesses' homes. An authorized telephone recording was introduced which revealed Varsamas discussing matters related to the conspiracy with Jamie Lair, a distributor. Varsamas was convicted on March 31, 1995, and on June 20, 1995, she moved for a new trial. Following a hearing, the motion was denied. On June 22, 1995, Varsamas was sentenced to a term of 121 months in prison and a five-year term of supervised release.
 
 II. Brady Violation
 
 6
 A defendant is denied due process if the prosecution suppresses Brady material, which is evidence both favorable to an accused and material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). The denial of a new trial based on a Brady violation is reviewed de novo. United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir.), cert. denied, 116 S.Ct. 383 (1995).
 
 
 7
 Hulett tested positive for marijuana on January 26, 1995, and February 2, 1995. On March 29, 1995, Hulett testified that the last time she had used a controlled substance was "three months ago."
 
 
 8
 To fall within the scope of Brady, the material must be (1) suppressed by the prosecution, (2) favorable to the accused, and (3) material to either guilt or punishment. Moore v. Illinois, 408 U.S. 786, 794-95 (1972). Evidence is "material" if there is a reasonable probability that, had the evidence been disclosed to the defense, the result would have been different. Harris v. Vasquez, 949 F.2d 1497, 1528 (9th Cir.1990), cert. denied, 503 U.S. 910 (1992). Putting the question of materiality aside, the government is obligated under Brady to make information available to the defense only when the government possesses or has access to such information. See United States v. Flores, 540 F.2d 432, 438 (9th Cir.1976). Here, the record shows that Assistant U.S. Attorney Tangvald did not know before trial that Hulett had twice tested positive for marijuana use.
 
 
 9
 Even assuming the government did know before trial that such information existed, the information is not material. Hulett's positive urinalysis does not provide any new evidence that was not known at trial which could establish Varsamas' innocence. Hulett testified at trial that she had used marijuana and cocaine in the past. Whether Hulett used drugs three months or two months before trial is not the type of evidence which, if disclosed to the jury, would have changed the result of the proceeding. Her positive urinalysis indicates that she may have used drugs two months before trial. This information would not have created a reasonable probability that a jury would have disbelieved the bulk of Hulett's testimony. It is at most a minor inconsistency on a collateral issue.
 
 
 10
 Even if Hulett's testimony were disbelieved, there is still ample evidence upon which a jury could have convicted Varsamas. Both Gardipee and Lair testified that Varsamas supplied the methamphetamine that they in turn distributed. In light of the evidence offered at trial, it is highly unlikely that Varsamas would have received a different result at trial if she could have used the information regarding Hulett's positive urinalysis to impeach Hulett's testimony.
 
 III. Motion for a New Trial
 
 11
 Denial of a motion for a new trial based upon newly discovered evidence is reviewed for an abuse of discretion. United States v. Sarno, 73 F.3d 1470, 1507 (9th Cir.1995), cert. denied, 116 S.Ct. 2555 (1996). To obtain a new trial, the defendant must show that
 
 
 12
 (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal.
 
 
 13
 id.
 
 
 14
 Hulett's positive test results came to light after trial, and in this sense they were newly discovered. This discovery was not the result of Varsamas' lack of diligence. However, as explained above, Varsamas cannot show that the test results are material.
 
 IV. Diminished Capacity
 
 15
 Varsamas contends that the district court erred in failing to instruct the jury that her mental condition might have affected her ability to form the requisite intent. No such instruction was requested nor does the record reveal any objection to the instructions as given. Thus, a reversal on this ground would be warranted only if failure to give the diminished mental capacity instruction was plain error. See Fed.R.Crim.P. 52(b); United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.), cert. denied, 117 S.Ct. 445 (1996). Plain error is "clear" or "obvious" error that affected the defendant's substantial rights. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995).
 
 
 16
 At trial, Varsamas informed the jury that she had been involved in a car accident in 1989 and had suffered a significant head injury. Varsamas also testified that since that time she has had persistent cognitive deficits, behavioral dyscontrol, a seizure disorder aggravated by stress, pressured speech, and occasional lapses in awareness. However, Varsamas did not argue that her mental state diminished her capacity to tell the difference between right and wrong. She testified on her own behalf at trial and denied any involvement in the conspiracy. She testified that she was not distributing methamphetamine, but salsa.
 
 
 17
 Lair testified that although he had never met Varsamas, he had spoken with her on the telephone several times. Lair testified that during those phone conversations, Varsamas would arrange the pickup and delivery of methamphetamine packages she would send from Oregon to Spokane as well as payment information. Lair stated that Varsamas would send the methamphetamine concealed in peanut butter jars under false names, addresses, and phone numbers. The government produced a tape recording of the phone conversation Lair and Varsamas had on May 25, 1994. The testimony of Gardipee and Hulett also confirmed that Varsamas distributed methamphetamine from her home in Oregon.
 
 
 18
 The witness' testimony, corroborated by the tape-recorded telephone conversation, was strong evidence against Varsamas. Applying the plain error standard, the strength of the evidence against Varsamas does not suggest that the failure to give a diminished capacity instruction seriously affected the fairness, integrity or public reputation of judicial proceedings. See United States v. Campbell, 42 F.3d 1199, 1204 (9th Cir.1994), cert. denied, 115 S.Ct. 1814 (1995).
 
 
 19
 V. D-or L-Methamphetamine?
 
 
 20
 Varsamas next argues that the district court erred when it calculated her base sentencing level without proof that the methamphetamine was D-methamphetamine. However, she did not raise this objection at sentencing before the district court, and we recently held under similar facts that such error did not rise to the level of plain error. United States v. Scrivner, No. 95-30227, 1997 WL 307234 (9th Cir. June 10, 1997). Accordingly, we must reject her argument.
 
 VI. The Eighth Amendment
 
 21
 Varsamas, a first time offender, argues that her sentence violates: (1) the Eighth Amendment's prohibition against cruel and unusual punishment because the sentence is unconstitutionally disproportionate to the offense; and (2) the Fifth Amendment Due Process Clause because the district court did not consider her individual circumstances as a basis for downward departure. Varsamas was given the minimum sentence within the Guideline range, one month more than the applicable statutory minimum. "Sentencing which falls within statutory limits is not subject to appellate review absent an abuse or abdication of discretion." United States v. Kinsey, 843 F.2d 383, 392 (9th Cir.), cert. denied, 487 U.S. 1223, reh'g denied, 488 U.S. 880 (1988).
 
 
 22
 The imposition of a mandatory ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A) for a first-time offender does not constitute cruel and unusual punishment. See United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.), amended, 888 F.2d 1257 (9th Cir.1989). This circuit has previously considered and rejected Eighth and Fifth Amendment challenges to the mandatory minimum sentences provided by § 841. See United States v. Oaken, 11 F.3d 897, 899-900 (9th Cir.1993) (citing cases rejecting Eighth Amendment challenge), cert. denied, 114 S.Ct. 1569 (1994).
 
 VII. Ineffective Assistance of Counsel
 
 23
 Finally, Varsamas asserts she was prejudiced by trial counsel's failure to submit an instruction on diminished capacity and to raise the issue of miscalculation of the applicable sentencing guideline.
 
 
 24
 Claims of ineffective assistance of counsel should generally be brought in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, because the appellate record ordinarily lacks a sufficient evidentiary basis as to "what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996). Accordingly, we decline to reach Varsamas' claim at this time and leave it for resolution in a collateral proceeding.
 
 VIII. Conclusion
 
 25
 The decision of the district court is AFFIRMED, but we leave Varsamas' claim of ineffective assistance of counsel open for consideration in a collateral proceeding if one is properly initiated.
 
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3