
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10156 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00386-RCC-DTF-1 |
| v. | |
| CHRISTOPHER BRYAN GARCIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 8, 2012
San Francisco, California

Before: KLEINFELD and BERZON, Circuit Judges, and BENITEZ, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Roger T. Benitez, District Judge for the U.S. District
Court for Southern California, sitting by designation.

A jury convicted Christopher Garcia of two counts of aggravated sexual abuse. Garcia now challenges his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm his conviction, reverse his sentence, and remand for resentencing.

## I.

If jury instructions "fairly and adequately cover the issues presented," the district court "is given substantial latitude in tailoring" them. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992) (internal quotation marks omitted). Thus, "[a] district court's formulation of the jury instruction is reviewed for abuse of discretion." Du v. Allstate Ins. Co., 681 F.3d 1118, 1122 (9th Cir.2012) (internal quotation marks omitted). The jury instructions here fairly and adequately covered the issues presented, and the district court did not abuse its discretion in formulating them.

The government's DNA expert's testimony recounting her reviewer's evaluation of her work was admissible under Rule 703 to assist the jury in evaluating her expert opinion. The probative value of the evidence for that purpose

2

substantially outweighed any prejudicial effect. Fed. R. Evid. 703. We assume without deciding that the introduction of this testimony violated the Confrontation Clause. Any such violation was harmless error.

The prosecutor's comments during closing argument did not deprive Garcia of due process or his right to effective assistance of counsel because any improprieties were not so gross as probably to prejudice him. United States v. Navarro, 608 F.3d 529, 535-36 (9th Cir. 2010) ("[T]he trial judge has broad discretion in controlling closing argument," and "improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge.").

The district court did not err when it denied Garcia's request to inform the jury of the mandatory minimum sentence. We have repeatedly held that district judges should not instruct juries on the sentencing consequences of a verdict when the juries have no role in fixing punishment. See, e.g., United States v. Frank, 956 F.2d 872, 880–82 (9th Cir.1991).

Because we hold that there was no error committed by the district court, Garcia's theory of cumulative error necessarily fails. We affirm Garcia's conviction.

## II.

Garcia argues that there was insufficient evidence to support his sentence enhancement under Guideline § 4B1.5(b)(1) for a pattern of prohibited sexual conduct. "The factual findings underlying a district court's sentence are reviewed for clear error." United States v. Fitch, 659 F.3d 788, 797 (9th Cir. 2011). "We review a district court's determination of the reliability of evidence used at sentencing for an abuse of discretion." United States v. Felix, 561 F.3d 1036, 1040 (9th Cir. 2009).

Under the Sentencing Guidelines, "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. Additionally, due process

requires that "some minimal indicia of reliability accompany a hearsay statement" at sentencing. United States v. Petty, 982 F.2d 1365, 1369 (9th Cir. 1993); see also United States v. Ponce, 51 F.3d 820, 828 (9th Cir. 1995) ("While hearsay statements may be considered at sentencing, due process requires that such statements be corroborated by extrinsic evidence.").

At Garcia's sentencing hearing, the government argued that it had provided clear and convincing evidence that Garcia had committed prohibited sexual conduct on at least one other occasion. The government argues that the applicable burden of proof was a preponderance of the evidence, not clear and convincing evidence. The district court did not specify what standard it was applying. We need not decide which standard applies, because the evidence was insufficient under either standard.

The government's evidence of prior prohibited sexual conduct consisted of transcripts of out-of-court interviews with two of the victim's siblings. The siblings were not under oath, and were not subject to cross-examination. Their hearsay statements were not corroborated by any extrinsic evidence. The government initially claimed in its briefs that the district court had watched videos

5

of the interviews, but later conceded that this was not the case. The district court did not have any video or audiotape of the interviews, so it could not assess the siblings' demeanor during their interviews.

The government also claimed that the interviews were conducted by Nicole Satterwhite, a "trained forensic interviewer" who testified at trial. However, the transcripts indicate that the victim's sister was actually interviewed by "Ms. Wynonna." There is no evidence in the record about Ms. Wynonna or her training.

The content of the interview transcripts also reveals their unreliability. The victim's brother was mentally challenged, as the transcript shows. His interview transcript suggests that he was often confused. The victim's sister's answers reflect uncertainty and perhaps leading by the interviewer. Moreover, the victim's sister described events that supposedly occurred nine or ten year before the interview, when she was eight or nine, and Garcia would have been only 11 or 12 years old. It is questionable whether conduct involving an 11 year old even has a bearing on his proclivity for sex crimes as an adult or amounts to relevant information.

The interview transcripts lacked sufficient indicia of reliability.  The government failed to prove, even by a preponderance of the evidence, that Garcia had committed at least one other occasion of prohibited sexual conduct.  We therefore vacate the sentence and remand for resentencing.  Garcia's other arguments with respect to his sentence either need not be reached or plainly lack merit.

**Conviction AFFIRMED**; **Sentence VACATED and REMANDED for resentencing.**