**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14–10405 |
| Plaintiff - Appellee, | D.C. 4:09-cr-00386-RCC-DTF-1 |
| v. | MEMORANDUM[*] |
| CHRISTOPHER BRYAN GARCIA, | |
| Defendants - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,[**] District Judge.

On November 28, 2008, Garcia sexually assaulted his five-year-old nephew.

A grand jury later returned an indictment charging Garcia with two counts of

aggravated sexual abuse.  After unsuccessfully asking the government to offer a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

plea agreement charging him with a crime not subject to a thirty-year mandatory minimum sentence, Garcia was found guilty by a jury of both counts of the indictment.

At sentencing, the district court applied a sentencing enhancement for an alleged pattern of engaging in prohibited sexual conduct, and imposed two concurrent 480 month terms. On appeal, we affirmed Garcia's convictions but vacated the sentences and remanded for resentencing, finding insufficient evidence to support the enhancement. *United States v. Garcia*, 500 F. App'x 653 (9th Cir. 2012). On remand, the district court resentenced Garcia to concurrent terms of 360 months in prison, placed him on lifetime supervised release, and imposed a $200 special assessment and $5,000 in restitution.

Garcia timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand to the district court for the limited purpose of conforming the supervised release conditions in the judgment to the oral pronouncement of sentence.

1. The thirty-year mandatory minimum sentence required by § 2241(c) does not conflict with 18 U.S.C. § 3553(a). Although "a district court must consider the § 3553(a) factors in all cases," § 3553(a) does not authorize "a district court to impose a sentence below a mandatory statutory minimum," absent other

specific statutory authority. *United States v. Wipf*, 620 F.3d 1168, 1169–71 (9th Cir. 2010). Nor does an unwarranted sentencing disparity exist merely because seemingly similarly-situated defendants received lesser sentences as a result of plea deals. *United States v. Treadwell*, 593 F.3d 990, 1011–12 (9th Cir. 2010).

2. The § 2241(c) mandatory minimum sentence does not violate the Eighth Amendment as applied to Garcia. Because sexual crimes involving children cause grave harm, *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam), Garcia's sentence is "proportionate to the crime for which [he] has been convicted," *Solem v. Helm*, 463 U.S. 277, 290 (1983). The sentence is not cruel and unusual "simply because it is 'mandatory.'" *Harmelin v. Michigan*, 501 U.S. 957, 995–96 (1991).

3. Garcia's constitutional rights were not violated because the government refused to offer him a plea agreement providing for a lesser sentence. Under the doctrine of separation of powers, a court generally lacks the power to tell a prosecutor what charges to bring, *In re Ellis*, 356 F.3d 1198, 1209–10 (9th Cir. 2004), or to interfere "with a prosecutor's discretion regarding . . . whether to engage in plea negotiations," *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000) (en banc). This case does not present "proof of discrimination based on suspect characteristics" which might give a court jurisdiction to review

3

the prosecutor's charging decision. *Banuelos-Rodriguez*, 215 F.3d at 977 (quoting *United States v. Oakes*, 11 F.3d 897, 899 (9th Cir. 1993)).

4. Nor does the mandatory minimum sentence under § 2241(c) violate separation of powers. *United States v. Major*, 676 F.3d 803, 811 (9th Cir. 2012). "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991).

5. However, the written judgment directly conflicted with the unambiguous oral pronouncement of sentence. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974). The district court's oral pronouncement unambiguously adopted the supervised release conditions of the presentence report. The written judgment conflicts with several conditions in the presentence report: (1) special condition number six in the presentence report conflicts with special condition number five in the written judgment; (2) special condition number nine in the presentence report conflicts with special condition number eight in the written judgment; and (3) special condition number 10 in the presentence report conflicts with special condition number nine in the written judgment. Because the oral pronouncement controls, *Munoz-Dela Rosa*, 495 F.2d at 256, we vacate the sentence and remand to the district court with instructions to amend the written judgment to conform with the oral pronouncement of sentence.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**